IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD DAVID BROWN,** : | |
| **Plaintiff** : | **CIVIL NO. 3:CV-05-0759** |
| v. : | **(JUDGE RAMBO)** |
| **THE TEN (10) INDIVIDUALS WHO ARE EMPLOYEES AT LEWISBURG PENITENTIARY,** : | |
| **Defendants** : | |

# **M E M O R A N D U M**

## **I.    Introduction**

Plaintiff, Gerald David Brown, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this action *pro se* with a *Bivens*[1] civil rights complaint. Plaintiff contemporaneously filed an application for leave to proceed *in forma pauperis* (Doc. 2). Because the complaint does not comply with Federal Rule of Civil Procedure 8, the complaint will be dismissed and Plaintiff will be allowed an opportunity to submit an amended complaint in compliance with the Federal Rules of Civil Procedure.

## **II.   Discussion**

As previously noted, the complaint is accompanied by an application to proceed *in forma pauperis* filed pursuant to the Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). The Act contains a

---

1.    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

provision requiring the court to screen all proceedings that are filed *in forma pauperis*. *Pro se* parties are accorded substantial deference and liberality in federal court, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), and "[c]ourts are to construe complaints so 'as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. Although there is not a heightened pleading standard in civil rights cases[2], a civil rights complaint must bear some relation to the rules.

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. *Id.* "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

Here, Plaintiff apparently believes that his outgoing and incoming mail is being mishandled by prison officials, and he is seeking "to have this 'problem investigated.' " (Doc. 1 at 7.) However, he fails to identify any of the defendants by

---

2. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

2

name, referring to them as "the ten (10) individuals who are employees at Lewisburg Penitentiary." (*Id*. at 1.)  Although he does elaborate that the Defendants include one (1) mailroom employee, one (1) business account employee, seven (7) federal guard officers, and one (1) administrative employee (*id*. at 5), this information is insufficient to fulfill the requirements of Rule 8.  This non-compliance is not merely a technical defect, but frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Because Plaintiff's complaint is not in compliance with the Rules, the court cannot adequately screen this pleading.  There is insufficient information for the court to determine whether the claim should be dismissed as frivolous or served upon Defendants.

Assuming, arguendo, that service of the complaint would be appropriate, there is no way for the Court to effect service of the complaint on a group of ten (10) unidentified Defendants.  Moreover, without allegations of what challenged actions were taken by which defendant, there is no way Defendants could be expected to prepare a proper response.

Accordingly, the complaint is subject to *sua sponte* dismissal by the court for failure to comply with Rules 8.  Such dismissal will be ordered with leave to file an amended complaint.  *See Salahudin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988).  Plaintiff is also reminded that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).  Such amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in numbered paragraphs.  It should specify which actions are alleged as to which Defendants, with specificity as to time, it should be signed, and it should set forth a specification of the relief sought.  If Plaintiff fails to file an amended complaint

adhering to the standards set forth above, this case will be closed. An appropriate order will issue.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: May 23, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GERALD DAVID BROWN,** :
:
    **Plaintiff** : CIVIL NO. 3:CV-05-0759
:
**v.** : **(JUDGE RAMBO)**
:
**THE TEN (10) INDIVIDUALS WHO** :
**ARE EMPLOYEES AT LEWISBURG** :
**PENITENTIARY,** :
:
    **Defendants** :

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

    1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED** for the purpose of filing this complaint.

    2. Plaintiff's complaint is **DISMISSED** for failure to comply with Fed. R. Civ. P. 8, with leave to file an amended complaint, consistent with the foregoing memorandum, within twenty (20) days of this order.

    3. The Clerk of Court is directed to provide Plaintiff with a form § 1983 complaint.

    4. If Plaintiff fails to file an amended complaint within twenty (20) days of this order, consistent with the foregoing memorandum the court will close this case without prejudice.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: May 23, 2005.